# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

NOOR FAWZY,  
an Individual,

    Plaintiff,

v.

FONT & NELSON LAW GROUP, PLLC,  
A Professional Limited Liability Company; and  
JOSE FONT, an individual.

    Defendant.
_____/

Case No: 0:22cv61431

## COMPLAINT FOR DAMAGES AND DEMAND FOR RELIEF

Plaintiff, NOOR FAWZY, by and through its undersigned counsel, hereby files this Complaint for Damages and Demand for Relief ("Complaint") against Defendant, FONT & NELSON LAW GROUP, a Professional Limited Liability Company, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for unpaid wages and declaratory judgment pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., as amended ("FLSA"), state common law, and state statutory law.

### PARTIES

2. Plaintiff NOOR FAWZY ("Plaintiff") is an individual, over the age of 18, living in Broward County, and is otherwise *sui juris*.

1

3. Defendant FONT & NELSON LAW GROUP, PLLC ("FONT & NELSON"), is a professional limited liability company organized under the laws of the state of Florida and otherwise *sui juris*. Defendant FONT & NELSON is authorized to do business, and currently doing business in, Broward County, Florida.

4. Defendant JOSE FONT is a corporate officer of Defendant FONT & NELSON, PPLC, a resident of Broward County, and is otherwise *sui juris*. Plaintiff is informed and believes that Defendant JOSE FONT acted in the interest of Defendant FONT & NELSON by failing to pay Plaintiff, *inter alia*, federal minimum wage pursuant to the FLSA.

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred on this Court by 28 U.S.C. section 1331, 29 U.S.C. section 216(b), and 28 U.S.C. section 1337. This Court has subject matter jurisdiction pursuant to 29 U.S.C. sections 207 *et seq.*

6. The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. 1367(a) because Plaintiff's claims under Florida common law form the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with her federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

7. Venue lies within this district pursuant to 28 U.S.C section 1391 (b) because Plaintiff resides in this District, Defendants FONT & NELSON and Defendant JOSE FONT reside in and employed Plaintiff in this District, and the unlawful employment practices alleged herein occurred in all, or substantial part, in this District.

8. All conditions precedent to bringing this action have occurred, been performed, or been excused.

## GENERAL ALLEGATIONS

9. On January 13, 2021, Plaintiff received a written employment offer from Defendant FONT & NELSON for the position of Associate Attorney. A copy of Defendant FONT & NELSON's offer has been attached hereto as Exhibit A and has been incorporated by reference herein.

10. Pursuant to Defendant's written offer, Defendant FONT & NELSON offered to pay Plaintiff a base salary of seventy-five thousand dollars ($75,000). In addition to her base salary, Defendant FONT & NELSON offered Plaintiff a ten percent (10%) profit share of net recovery "in relation to any file assigned to [her]." Ex. A.

11. On January 15, 2021, Plaintiff accepted the identical terms of Defendant FONT & NELSON's offer, thus forming a valid contract between the parties.

12. At the onset of Plaintiff's employment, the parties' written contract was modified through subsequent agreement, and later, the conduct of the parties.

13. Specifically, Defendant FONT & NELSON told Plaintiff that FONT & NELSON's profit-sharing distributions were accounted for, and made on, a bi-annual basis. Plaintiff was told that her right to receive her distributions *vested* once she generated enough profits to cover her base salary. Defendant FONT & NELSON also told Plaintiff that were there are two types of cases for the purposes of distributions: stipulations and global settlements. As explained by Defendant FONT & NELSON, all global settlements were to yield a ten percent (10%) profit share interest to the attorney; all stipulations (where the fees were stipulated to, resolved, and paid out by the insurance company) were to yield a fifteen percent (15%) profit share interest. Importantly,

the profit-sharing interest generated by stipulation cases were separate and aside from the vesting requirement.  Said differently, Defendant FONT & NELSON explained that this payment was guaranteed regardless of whether Plaintiff had generated enough profits to cover her base salary. Plaintiff orally agreed to these modifications and both parties partially performed under the new contract.

14. When Plaintiff was first hired, Defendant FONT & NELSON's bi-annual distribution period had already begun with a closing date of June 1, 2021.

15. On June 1, 2021, Defendant FONT & NELSON told Plaintiff that her distributions had not yet vested, and Plaintiff should not submit for the payment of same.

16. When Defendant FONT & NELSON's next bi-annual distribution period came due, Plaintiff submitted a detailed Excel Sheet to Defendant FONT & NELSON's Comptroller in anticipation of same.

17. After Plaintiff submitted her billings to Defendant FONT & NELSON, she was met with repeated delay.

18. On several occasions, the Comptroller returned the billings to Plaintiff and asked her to add various expenses to same.  Some of the expenses Plaintiff was asked to add included, but were not limited to, overhead costs, health insurance costs, and the full salary of her legal assistant.

19. At no time did Plaintiff assent to the payment of these costs when she accepted employment with FONT & NELSON, or at any time thereafter.

20. Ultimately, Plaintiff complied with Defendant FONT & NELSON's orders in fear that if she objected, she would receive nothing.

21. On March 8, 2022, Plaintiff received a check from Defendant FONT & NELSON that was much less than she had submitted to receive.

22. Plaintiff brought the discrepancy to the attention of Defendant FONT & NELSON, and a meeting was held between Plaintiff and Defendant JOSE FONT on March 8, 2022.

23. Therein, Plaintiff was immediately demeaned, degraded, and threatened. Defendant JOSE FONT shouted at Plaintiff that "he was not to be taken advantage of." Defendant JOSE FONT began to degrade Plaintiff's work product and attendance, despite no documented inefficiencies in either area.

24. Defendant JOSE FONT's actions and statements were so egregious that Plaintiff felt she had no choice but to immediately resign her employment.

25. Plaintiff's last paycheck was withheld, and she did not receive any payment for her wages from the dates of February 21, 2022, through March 8, 2022.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the Fair Labor Standards Act as against Font & Nelson Law Group ("FONT & NELSON")

26. Plaintiff repeats and re-alleges paragraphs 1 through 25 above, as though fully set forth herein.

27. At all times relevant hereto, Plaintiff was an employee within the meaning of 29 U.S.C section 203(e)(1) within the last three years, and thus, is entitled to the rights, protections, and benefits of the FLSA.

28. 29 U.S.C. §206(a)(1)(C), mandates that employers pay all employees engaged in commerce or in the produce of goods for commerce, minimum wages for their work in an amount set by federal law. 29 U.S.C. §218(a), provides that employers pay such minimum wages as established by state law, should it be higher than the federal minimum. During the relevant time

period the federal minimum wage was $7.25. Effective September 1, 2021, Florida's minimum wage was $10.00.

29. For the last two weeks of her employment, Plaintiff was not paid any wages at all. Specifically, Plaintiff is owed two paychecks. One is a full paycheck constituting wages for the weeks of February 21, 2022, and February 28, 2022, and the other is for the two working days of March 7th and March 8th, 2022.

30. As such, Defendant Font & Nelson willfully and intentionally failed to pay Plaintiff the minimum wage for all her hours worked in violation of the FLSA.

31. Because of Font & Nelson's unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to §216(b) of the FLSA, 29 U.S.C. §216(b), to recover unpaid minimum wages, including interest and liquidated damages thereon, including reasonable attorney's fees and costs, in an amount to be shown according to proof at trial.

32. Plaintiff demands judgments against Defendant FONT & NELSON, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT II
**Failure to Pay Minimum Wage in Violation of the Fair Labor Standards Act
as against Jose Font ("JOSE FONT")**

33. Plaintiff repeats and re-alleges paragraphs 1 through 25 above, as though fully set forth herein.

34. At all times relevant hereto, Defendant JOSE FONT was, and now is, a corporate officer of corporate Defendant FONT & NELSON, PPLC.

35. Defendant JOSE FONT was an employer of Plaintiff within the meaning of section 3(d) of the FLSA in that Defendant JOSE FONT acted directly in the interests of Defendant FONT & NELSON in relation to its employees including Plaintiff.

36.     Defendant JOSE FONT had operational control of the business and is thus personally liable for Plaintiff's damages.

37.     Defendant JOSE FONT willfully refused to pay Plaintiff wages required by the laws of the United States as set forth above.

38.     As such, Defendant JOSE FONT willfully, intentionally, and with reckless disregard failed to pay Plaintiff the minimum wage for all her hours worked in violation of the FLSA.

39.     Because of Defendant JOSE FONT's unlawful failure and refusal to pay Plaintiff minimum wages, Plaintiff is entitled, pursuant to §216(b) of the FLSA, 29 U.S.C. §216(b), to recover unpaid minimum wages, including interest and liquidated damages thereon, including reasonable attorney's fees and costs, in an amount to be shown according to proof at trial.

40.     Plaintiff demands judgments against Defendant JOSE FONT, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT III
**Breach of Contract, as against Font & Nelson Law Group ("FONT & NELSON")**

41.     Plaintiff repeats and re-alleges paragraphs 1 through 25 above, as though fully set forth herein.

42.     On January 15, 2021, Plaintiff and Defendant FONT & NELSON entered into a valid and enforceable Contract ("Contract") whereby Plaintiff would provide legal services to Defendant FONT & NELSON as an Associate Attorney, in exchange for a base salary of seventy-five thousand dollars ($75,000.00) and a ten percent (10%) profit share of net recovery "in relation to any file assigned to [her]." *See* Exhibit A.

43. At the onset of Plaintiff's employment, the parties' written Contract was modified through subsequent agreement, and later, the conduct of the parties as explained in Paragraph 10 of this Complaint.

44. Plaintiff performed all of her obligations under the Contract and was qualified for the position she held.

45. Notwithstanding Plaintiff's full performance under the Contract, Defendant FONT & NELSON materially breached the Contract by failing to pay Plaintiff a ten percent (10%) profit sharing interest of her global settlements and a fifteen percent (15%) share of her stipulations.

46. Moreover, Defendant FONT & NELSON materially breached the Contract by improperly imputing expenses not agreed to by the parties.

47. As a direct result of the Defendant FONT & NELSON's material breach, Plaintiff has suffered and will continue to suffer damages to be shown according to proof.

48. Plaintiff demands judgments against Defendant FONT & NELSON, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

### COUNT IV
### Breach of the Covenant of Good Faith and Fair Dealing, as against Font & Nelson Law Group ("FONT & NELSON")

49. Plaintiff repeats and re-alleges paragraphs 1 through 25 as though fully set forth herein.

50. Florida contract law recognizes the implied covenant of good faith and fair dealing in every contract.

51. The Contract between Plaintiff and Defendant FONT & NELSON contained an implied covenant of good faith and fair dealing, which required Defendant FONT & NELSON to

perform the terms and conditions of the Contract fairly and in good faith and to refrain from doing any act that would deprive Plaintiff of any benefits under said Contract.

52. Plaintiff performed all conditions and obligations to be performed on her part in accordance with the Contract.

53. Defendant FONT & NELSON breached the implied covenant of good faith and fair dealing by improperly deducting expenses from Plaintiff's distributions that she did not assent to. Moreover, Defendant FONT & NELSON degraded and demeaned Plaintiff, forcing her to resign her gainful employment, in an effort to avoid its contractual liability.

54. As a direct and proximate result of this breach by Defendant FONT & NELSON, Plaintiff has suffered and will continue to suffer damages.

55. Plaintiff demands judgments against Defendant FONT & NELSON, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT V
**Unjust Enrichment, as against Font & Nelson Law Group ("FONT & NELSON")**

56. Plaintiff repeats and re-alleges paragraphs 1 through 25 above, as though fully set forth herein.

57. This count is being pled in the alternative to Plaintiff's claims for Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing.

58. Plaintiff conferred a valuable benefit upon Defendant FONT & NELSON when Plaintiff provided legal services to Defendant FONT & NELSON and Defendant FONT & NELSON's clients.

59. Defendant FONT & NELSON knowingly accepted and retained the benefit provided by Plaintiff yet failed to compensate Plaintiff for providing the benefit as promised.

60. Defendant FONT & NELSON continues to refuse to provide Plaintiff the fair and reasonable value for such benefit, *i.e.*, Defendant FONT & NELSON refuses to pay Plaintiff for the work performed, as contracted.

61. Under the circumstances, it would be inequitable for Defendant FONT & NELSON to retain the benefit of Plaintiff's services without providing Plaintiff the full, reasonable value owed in return for same.

62. Plaintiff demands judgments against Defendant FONT & NELSON, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## COUNT VI
### Fraudulent Misrepresentation, as against Font & Nelson Law Group ("FONT & NELSON")

63. Plaintiff repeats and re-alleges paragraphs 1 through 25 above, as though fully set forth herein.

64. This count is being pled in the alternative to Counts II, III, IV, and V.

65. On or around January 13, 2021, Defendant FONT & NELSON falsely and fraudulently induced Plaintiff into accepting employment with FONT & NELSON by making certain false representations and false promises to Plaintiff.

66. Specifically, Defendant FONT & NELSON promised Plaintiff, in writing, that she would be paid a (10%) profit share of net recovery "in relation to any file assigned to [her]" in addition to her base salary. *See* Exhibit A.

67. This representation that was made to Plaintiff was a statement of fact, which Plaintiff believed to be true, but which was in fact false. At the time the representations were made, Plaintiff was ignorant to the falsity of them and believed them to be true. Had Plaintiff known the actual facts, she would not have accepted employment with Defendant FONT &

NELSON.  Plaintiff's reliance on Defendant FONT & NELSON's representation was justified because Defendant FONT & NELSON seemed to be a reputable law group with a good reputation in the business community.

68.     During the course and scope of Plaintiff's employment with FONT & NELSON, Plaintiff learned that the statements were in fact false.  Specifically, Plaintiff was not paid her (10%) profit share of net recovery "in relation to any file assigned to [her]."  Instead, Defendant FONT & NELSON unilaterally imputed varying costs onto Plaintiff, including but not limited to the salary of her legal secretary, in a marked effort to reduce her "net recovery."  These costs were subject to change, imputed on a moment's notice, and unsupported by the documents given to Plaintiff at the time of her hiring.  Moreover, Plaintiff's "stipulation" distributions went completely undocumented and unpaid.

69.     Through this practice, concealed from Plaintiff before she accepted employment with Defendant FONT & NELSON, Defendant FONT & NELSON knew, or reasonably should have known, that its representations were false.

70.     Plaintiff is informed, believes, and thereon alleges that Defendant FONT & NELSON's misrepresentations were intentional and deliberate.

71.     As a result of said intentional misrepresentations, Plaintiff has suffered actual damages in lost wages, unpaid wages, and lost future wages, in an amount to be shown according to proof at trial.

72.     As a further proximate result of Defendant FONT & NELSON's intentional misrepresentations, Plaintiff has suffered and continues to suffer Emotional Distress, ongoing sadness, anger, mental anguish, irritability, nervousness, anxiety, grief, sleeplessness,

helplessness, hopelessness, and other damages, all to her detriment, in an amount to be shown according to proof.

73.     Plaintiff demands judgment against Defendant FONT & NELSON, a trial by jury on all issues so triable, and any other relief the Court deems just and proper.

## PRAYER FOR RELIEF AS AGAINST
## DEFENDANT FONT & NELSON LAW GROUP ("FONT & NELSON")

**WHEREFORE**, Plaintiff prays judgment against Defendant FONT & NELSON as follows:

1. For a declaratory judgment that Defendant FONT & NELSON's practice violates the FLSA;
2. For compensatory damages for the first, third, fourth, fifth and sixth causes of action;
3. For emotional distress damages for the sixth cause of action;
4. For an award of interest, including prejudgment interest, at the legal rate;
5. For costs and fees of suit herein incurred; and
6. For such other and further relief as this Court deems proper.

## PRAYER FOR RELIEF AS AGAINST
## DEFENDANT JOSE FONT

**WHEREFORE**, Plaintiff prays judgment against Defendant JOSE FONT as follows:

1. For declaratory judgment that Defendant JOSE FONT's practice violates the FLSA;
2. For compensatory damages for the second cause of action;
3. For an award of interest, including prejudgment interest, at the legal rate;
4. For costs and fees of suit herein incurred; and
5. For such other and further relief as this Court deems proper.

Dated this 1st day of August, 2022.

                                              Respectfully submitted,

                                              **OBEIDY & ASSOCIATES, P.A.**

                                              */s/ A. Andrew OBeidy*
                                              A. ANDREW OBEIDY, ESQ. (FBN 0910341)
                                              Attorney for Plaintiff Noor Fawzy